**Oscar ELIZONDO, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

**No. 06–60500**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 22, 2007.

Yalila Estela Guerrero, Guerrero & Biggar, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Caryl G. Thompson, U.S. Immigration & Naturalization Service District, Directors Office, New Orleans, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM: *

The petitioner, Oscar Elizondo, seeks review of the Board of Immigration Appeals (BIA) decision denying his application for the cancellation of removal. He argues that the BIA erred in finding that his removal would not result in extreme hardship to his parents.

Because it involved the exercise of discretion, we lack jurisdiction to review the BIA's hardship determination. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004); 8 U.S.C. §§ 1229b(b) and 1252(a)(2)(B)(i). Moreover, to the extent Elizondo argues that we have jurisdiction to review the BIA's interpretation of INA § 213, 8 U.S.C. § 1183, because it is a legal question not subject to the jurisdiction-stripping provision of § 1252(a)(2)(B), *see*, 8 U.S.C. § 1252(a)(2)(D), his claim is unexhausted, and we are therefore without jurisdiction to consider that claim. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir.2001). Accordingly, Elizondo's petition for review is dismissed for lack of jurisdiction.

PETITION DISMISSED.